UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| DONNA MARIE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:17-cv-00094-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner Of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Donna Marie Roberts seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied her claim for disability insurance benefits and supplemental security income. Ms. Roberts brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Ms. Roberts's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Donna Marie Roberts initially filed an application for disability insurance benefits and supplemental security income on January 26, 2011. [Transcript (hereinafter, "Tr.") 26.] Her application was initially denied on June 8, 2011, and Ms. Roberts did not appeal. *Id.* Ms. Roberts filed a second application for disability insurance benefits on March 6, 2014, and filed an application for supplemental security income on March 7, 2014, alleging disability beginning May 31, 2013. *Id.* Both claims were denied on June 16, 2014. *Id.* Ms. Roberts

requested reconsideration and a hearing. *Id*. That hearing was held on March 21, 2016, via videoconference, where she was represented by an attorney. *Id*. On April 14, 2016, Administrative Law Judge Andrew G. Sloss returned an unfavorable decision for Ms. Roberts. Tr. 38. She requested review from the Appeals Council, who denied this request.

To evaluate a claim of disability for supplemental security income benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At the outset of this case, the ALJ determined that Ms. Roberts meets the insured status requirements of the Social Security Act through September 30, 2018. Tr. 28; *see also* 20 C.F.R. § 404.131. Then, at step one, the ALJ found Ms. Roberts had not engaged in substantial gainful activity since the alleged onset date of May 31, 2013. Tr. 28. At step two, the ALJ found Ms. Roberts to suffer from lumbar degenerative disc disease. *Id.* at 29. At step three, the ALJ determined her impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 or Part 416. *Id.* at 30. Before moving on to step four, the ALJ considered the record and determined that Ms. Roberts possessed the following residual functioning capacity: "[Ms. Roberts] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs." *Id.* The ALJ determined at step four that Ms. Roberts was capable of performing past relevant work as an administrative work, as that occupation did not require the performance of work-related activities precluded by her RFC. *Id.* at 39. Accordingly, the ALJ found at step five that Ms. Roberts has not been under a disability from May 31, 2013, through the date of the decision. *Id.* at 38.

Ms. Roberts filed this action for review on June 8, 2017. [R. 2.] Pursuant to the Court's Standing Order, Ms. Roberts had until Friday, January 12, 2018, to file her motion for summary judgment. [R. 11.] On April 10, 2018, Ms. Roberts sent a letter to the Court, requesting additional time to file her motion because she was unable to locate an attorney. [R. 12.] This letter also included arguments as grounds for relief from the ALJ's decision. *Id.* The Court granted her an additional sixty days, advising her that she had no right to counsel and could proceed *pro se* in this matter. [R. 13.] On July 12, 2018, Ms. Roberts moved again for an extension of time. [R. 16.] The Court granted her request, giving her until Monday, August 13, 2018, to file her motion for summary judgment. [R. 17.]

At this time, Ms. Roberts has still not filed her motion for summary judgment, but she did file a letter outlining her arguments for relief. [R. 12.] The Commissioner has also filed a motion for summary judgment addressing the arguments Ms. Roberts made in her letter. [R. 15.] Accordingly, the Court construes Ms. Roberts's letter as a motion for summary judgment. Courts generally apply a less stringent standard to pleadings made by *pro se* litigants. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*,

4

402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Construing Ms. Roberts's filing liberally, Ms. Roberts presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision.  Specifically, she argues (1) the ALJ erred by holding her hearing via videoconference and (2) the ALJ did not give sufficient weight to the opinion from her treating nurse practitioner.  For the reasons set forth below, Ms. Roberts's arguments do not warrant a reversal of the ALJ's determination.

### A

First, Ms. Roberts argues that the hearing should not have been held via videoconference, and she was prejudiced by such an arrangement.  [R. 12.]  Ms. Roberts and her attorney appeared

in Cincinnati, Ohio, while the ALJ conducted the hearing from Flint, Michigan. Tr. 26. Prior to her hearing, on December 29, 2015, Ms. Roberts received a notice that her hearing would be held via videoconference. *Id*. at 216–17. While Ms. Roberts may have wished to appear before an ALJ in person, she has not demonstrated she was harmed by appearing via videoconference. [R. 12.] Furthermore, neither Ms. Roberts nor her attorney objected to the videoconference at the hearing. Tr. 48 ("I do not [have any objection], Your Honor. Thank you."). In order to set aside the ALJ's order, Ms. Roberts must demonstrate both that the ruling was erroneous and prejudicial. *Shinseki v. Sanders*, 556 U.S. 396, 408–09 (2009). Here, even if the decision to hold the hearing via videoconference was erroneous, Ms. Roberts still received a full and fair hearing before a disinterested ALJ, and she has not indicated that her rights were affected at all by this arrangement. Thus, the ALJ's decision to hold the hearing via videoconference is not grounds for reversal or remand.

**B**

Next, Ms. Roberts claims the ALJ gave insufficient weight to the opinion of her treating nurse practitioner, Angele Franke. [R. 12.] The Social Security Administration has set forth certain guidelines that an ALJ must follow when determining how much weight to assign a treating medical source. The regulations provide:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2). Other factors which must be considered when the treating source opinion is not given controlling weight include the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with other evidence in the record, and whether the treating source is a specialist. 20 C.F.R. §§ 404.1527(c)(2)(i)–(ii), (c)(3)–(5); 416.927(c)(2)(i)–(ii), (c)(3)–(5).

The regulations also contain a clear procedural requirement that an ALJ must give "good reasons" for discounting a treating physician's opinion, specific enough "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." 20 C.F.R. §§ 1527(c)(2), 416.927(c)(2); Social Security Ruling ("SSR") 96-2, 1996 WL 374188, at *5 (July 2, 1996). The purpose of the reason-giving requirement is to allow "claimants to understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (cleaned up). In addition, the requirement "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* Failure to follow the procedural requirement denotes a lack of substantial evidence, even where the ALJ's conclusion may otherwise be justified on the record. *Id.* at 546.

The ALJ's written opinion explains he gave little weight to Nurse Angele Franke's opinion because he found it inconsistencies within the opinion as well as with other opinions. Tr. 37. Nurse Franke opined that Ms. Roberts had extreme mental limitations, but also gave her a Global Assessment Functioning score that equated only to moderate limitations. *Id*. at 965–67.

7

Furthermore, Nurse Franke's opinion was inconsistent with the examinations done by Dr. Guerrero and Dr. Dennard. *Id*. at 37. Also, while Nurse Franke described Ms. Roberts's anxiety and depression as severe, Ms. Roberts provided no medical records indicating emergency services or psychiatric hospitalizations related to mental illness. *Id*. While Nurse Franke has familiarity with Ms. Roberts's situation, an ALJ generally gives more weight to the opinion of a specialist, such as Dr. Guerrero or Dr. Dennard, about medical issues related to his or her specialty, in this case, psychiatry. 20 C.F.R. § 404.1527(c)(2)(5). An opinion from a nurse or nurse practitioner is entitled to less weight than a physician's opinion, and the ALJ has discretion to determine the proper weight to accord such opinions. *Meuzelaar v. Comm'r of Soc. Sec.*, 648 F. App'x 582, 584 (6th Cir. 2016); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540–41 (6th Cir. 2007).

Furthermore, even if substantial evidence supports the opposite conclusion, a reviewing Court must affirm the Commissioner's decision if the decision is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec*., 693 F.3d 709, 714 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). While Nurse Franke's opinions may support Ms. Roberts's position, the ALJ included substantial evidence for his decision to assign limited weight to Nurse Franke, and the records of Drs. Guerrero and Dennard support the ultimate determination of the ALJ. The Court may not resolve conflicts of evidence or make credibility determinations in reviewing the ALJ. *Ulman*, 693 F.3d at 713; *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Because of this, the Court does not find the ALJ's decision to assign little weight to Nurse Franke's opinion to be grounds for reversal or remand.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Donna Marie Roberts's Letter [**R. 12**] is **CONSTRUED** as Plaintiff's Motion for Summary Judgment;

2. Plaintiff Roberts's Motion for Summary Judgment [**R. 12**] is **DENIED;**

3. The Commissioner's Motion for Summary Judgment [**R. 14**] is **GRANTED**; and

4. Judgment in favor of the Commissioner will be entered promptly.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge